**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **TANEIA NABORS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.** |
| | ) | |
| **OKLAHOMA DEPARTMENT OF MENTAL HEALTH AND SUBSTANCE ABUSE SERVICES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

Plaintiff, Taneia Nabors, through her attorney of record, Melvin C. Hall of Riggs, Abney, Neal, Turpen, Orbison & Lewis, files this Complaint against Defendant, Oklahoma Department of Mental Health and Substance Abuse Services, ("ODMHSAS"). In support of her Complaint, Plaintiff states as follows:

**PRELIMINARY STATEMENT**

1. This action arises under the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, to address the deprivation of her rights from discriminatory and retaliatory employment practices by ODMHSAS.

**JURISDICTION AND VENUE**

2. The court has jurisdiction over this Complaint in that the matters in controversy arise under the laws of the United States, 28 U.S.C. § 1331 and 1343(a).

3. Venue is proper in this court pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff, Taneia Nabors (Ms. Nabors) is an African American citizen of the United States, a resident of Lawton, Oklahoma, and this judicial district. Plaintiff had been employed with ODMHSAS, from March 12, 2024, until her termination on February 25, 2025.

5. Defendant, ODMHSAS is a state agency doing business in Lawton, Comanche County, Oklahoma, and this judicial district.

6. The Defendant, ODMHSAS is an employer under Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e.

## INTRODUCTION

7. This action arises under the provisions of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Ms. Nabors is seeking declaratory relief, injunctive relief, damages, including actual damages and compensatory damages to address the deprivation of her rights from discriminatory and retaliatory employment practices on the basis of her race and protected activity by ODMHSAS. To the extent required, Plaintiff has exhausted her administrative remedies as to her above-listed claims by timely filing a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a Notice of Right to Sue letter dated February 13, 2026, which the Plaintiff received shortly thereafter. Plaintiff timely filed this complaint within ninety (90) days of receipt of her Notice of Right to Sue.

## STATEMENT OF FACTS

8. Ms. Nabors started working for ODMHSAS as a Mental Health Technician, Level III (MHT III), on March 12, 2024 at its Lawton, Oklahoma location.

9. Plaintiff's supervisor throughout her employment was Ronda Campbell (White female).

10. From the start of Plaintiff's employment, Ronda Campbell was rude to Plaintiff. Ronda Campbell was short with Plaintiff and never displayed any kindness toward Plaintiff. Ronda Campbell frequently talked down to Plaintiff in a belittling fashion. Ronda Campbell's communication style toward Plaintiff became so belittling, that it prompted Plaintiff to tell Ronda Campbell: "This is where we have our disconnect, you are not going to speak to me as if you're my Mother." Plaintiff's response to Ronda Campbell only caused Ronda Campbell to increase her vitriol toward the Plaintiff.

11. Since the beginning of Plaintiff's employment, she worked on the night shift, 11:00 p.m. to 8:15 a.m. After working for several months, Ronda Campbell wanted Plaintiff to switch to evening shift, 3:45 p.m. to 11:15 p.m. Plaintiff explained that she could not switch to the evening shift, because she was a student and needed to attend class in the evening. Ronda Campbell required Plaintiff to submit her class schedule.

12. A few months later, Plaintiff asked Ronda Campbell if she could switch to the evening shift.

13. Plaintiff explained that the reason she now wanted to switch to the evening shift was because Plaintiff didn't want to leave her young children alone at home all night while Plaintiff worked the night shift.

14. Ronda Campbell, out of spite, refused to allow Plaintiff to work the evening shift.

15. Plaintiff's outstanding job performance throughout her employment was never questioned. Plaintiff never received any complaints of any kind, from anyone, including none from patients, family members of patients, nor from co-workers or staff.

16. Ronda Campbell actually complimented Plaintiff on how she handled an irate patient.

17. Despite Plaintiff's success, as a Mental Health Technician III, Ronda Campbell continued to denigrate, belittle and talk down to the Plaintiff. This caused Plaintiff a great deal of stress, anxiety and spikes in Plaintiff's blood pressure. Plaintiff had not previously suffered from high blood pressure. However, her interactions with Ronda Campbell, caused Plaintiff to visit the emergency room on multiple occasions. Plaintiff was prescribed high blood pressure medication.

18. The stress and anxiety visited upon the Plaintiff as a direct result of Plaintiff's interaction with Ronda Campbell, caused Plaintiff to start seeking other positions at ODMHSAS. Plaintiff went on ODMHSAS' website and applied for multiple positions that would enable Plaintiff to move from Ronda Campbell's supervision over the Plaintiff.

19. Due to the Plaintiff's efforts, she was offered three interviews and the Plaintiff accepted and attended two interviews.

20. The first position was a Case Manager I position. However, when Plaintiff arrived at the interview, she was surprised to see that Ronda Campbell was sitting on the interview panel. After the interview, no one ever told Plaintiff whether she got the job or

not, however, about two weeks later three new employees came into the unit and Ronda Campbell instructed Plaintiff to train them on case management duties. This prompted Plaintiff to remind Ronda Campbell that Plaintiff was not a case manager.

21. Shortly, thereafter on September 25, 2025, Plaintiff was interviewed for a Case Manager II position. Significantly, Ronda Campbell did not sit on the interview panel for the Case Manager II position.

22. On October 2, 2025, Plaintiff was offered and accepted the Case Manager II position, which was located in another building away from Ronda Campbell, wherein Plaintiff would be working with out-patients, rather than with in-patients.

23. On October 5, 2024, Plaintiff gave Ronda Campbell Plaintiff's letter of resignation in anticipation of Plaintiff moving to the Case Manager II position, located at another building and under a supervisor different than Ronda Campbell.

24. Ronda Campbell advised Plaintiff "That is not how this works. I can't accept your two weeks notice because that means you are resigning from the agency." Ronda Campbell repeatedly said to Plaintiff, she had to wait for Ronda Campbell to release Plaintiff so she could take the new position and that Ronda Campbell would release Plaintiff as soon as possible.

25. Plaintiff was supposed to start working in her new position as Case Manager II immediately, but Ronda Campbell kept saying that she had to release Plaintiff to take the new position, of course, Ronda Campbell, out of spite, never did release Plaintiff to assume the new position of Case Manager II.

26. Frustrated by Ronda Campbell's failure and refusal to release Plaintiff so that she could assume her new position as Case Manager II, Plaintiff on November 2, 2024, filed a formal complaint with Executive Director, Terri Lee (White female) and Human Resources Manager, Julie Pollard (White female). In the email Plaintiff specifically stated:

"I am writing to formally inform you of the unfair and unjustly discriminatory treatment I have experienced while working under Ronda Campbell. The emotional distress and anxiety I have endured in this environment has become unbearable, and I feel it is necessary to bring these matters to your attention… My interactions with Ronda have only exacerbated my distress. I have spoken to her multiple times about the manner in which she addresses me and the offense it causes, yet her behavior remains unchanged. I often feel belittled and insignificant due to her actions. Further more, despite Ronda repeatedly asserting that I am not a case manager I have been tasked to complete assigned task Case Management duties when no Case management is scheduled. This contradiction in my responsibilities add to the overall sense of injustice I feel in my position. Ronda has also single me out by making appreciation gifts for every staff member except me. This exclusion may seem minor, but it is indicative of a larger issue- being treated differently from my colleagues is disheartening and undermines my morale. At this point, it is not only the principal of the situation but also the impact it has been on my well being both emotionally and financially. It is distressing to dread coming to work each day, and I hope that by bringing these issues to your attention, steps can be taken to rectify them."

27. On November 4, 2024, Julie Pollard sent Plaintiff an email stating: "I'm sorry you are having a difficult time. I would be happy to meet with you sometime this week. Attached is the form to complete for an internal grievance as well as the ODMHSAS Policy. The completed grievance should be emailed to Toni Blue for her determination and action. Let me know if you have any other questions or concerns." Shortly there after on November 4, 2024, Terri Lee sent Plaintiff an email stating: "Thank you for putting this together in an email as discussed when we spoke over weekend. It sounds like there are several issues to work through. Julie has you on the right track and I will follow this."

28. After November 4, 2024, Plaintiff never heard back from either Terri Lee nor Julie Pollard regarding Plaintiff's November 2, 2024, formal complaint against Ronda Campbell.

29. Despite ODMHSAS' failure to address Plaintiff's November 2, 2024, formal complaint filed against Ronda Campbell. It was clear that Ronda Campbell became aware of Plaintiff's November 2, 2024, formal complaint, because Ronda Campbell's harassing and belittling treatment of Plaintiff significantly increased. This caused Plaintiff's blood pressure to spike and resulted in another trip to the emergency room for treatment.

30. The Plaintiff now increasingly desperate for help and fearing that she might have a stroke or heart attack due to her interactions with Ronda Campbell and Ronda Campbell's refusal to allow Plaintiff assume her new position as Case Manager II, on December 14, 2024, Plaintiff filed another formal complaint against Ronda Campbell. In Plaintiff's December 14, 2024, Grievance Statement, she expressly referenced "work-place discrimination and harassment."

31. ODMHSAS did absolutely nothing until two months later on February 18, 2025, Plaintiff received a phone call and letter from ODMHSAS Chief Clinical Officer, Jim Jackson (White male), who wrote in his letter to Plaintiff:

> Dear Ms. Nabors:
>
> The Department of Mental Health and Substance Abuse Services has received tour internal grievance filed on December 14, 2024, and styled ODMHSAS Grievance 25-010. We met by phone to discuss these concerns and I met with other parties involved as well.
> On the allegation that you have not been released from your current position to start your new position, **we agree that you should have moved to this position sooner.** [emphasis added]

32. A mere seven (7) days after receiving Jim Jackson's February 18, 2025 letter, Plaintiff, on February 25, 2025, received an email from Ronda Campbell advising Plaintiff: "Effective immediately, you are being released from your trial period as Mental Health Technician III."

**COUNT I**
**Discrimination Based on Race**

33. Ms. Nabors incorporates by reference all previous allegations.

34. Ms. Nabors, as an African American, is in a protected class.

35. Ms. Nabors met the objective qualifications for the position of Mental Health Technician III.

36. Ms. Nabors suffered an adverse employment action with her February 25, 2025, termination.

37. Ms. Nabors's position was not eliminated after her termination, in fact, Ms. Nabors was replaced by a white male.

38. ODMHSAS engaged in intentional and unlawful employment practices in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. The discriminatory practices include, but are not limited to, Ms. Nabors termination on February 25, 2025, due to her race, in violation of 42 U.S.C. § 2000e.

**COUNT II**
**Retaliation**

39. Ms. Nabors incorporates by reference all previous allegations.

40. Ms. Nabors engaged in multiple acts of protected activity.

41. Ms. Nabors suffered an adverse employment action with her February 25, 2025, termination.

42. There exists a causal connection between the protected activity and the adverse employment action, specifically, Plaintiff terminated 73 days after she filed her December 14, 2024 complaint and seven (7) days after ODMHSAS acknowledged receipt of her December 14, 2024, complaint.

43. ODMHSAS engaged in intentional, unlawful, and retaliatory employment practices in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. The retaliatory practices include, but are not limited to, terminating Ms. Nabors on February 25, 2025, due to her protected opposition to the intentional and unlawful employment practices of ODMHSAS.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Taneia Nabors, seeks to recover against Defendant, ODMHSAS:

1. Actual damages in the form of lost back pay and benefits.

2. Reinstatement, however, in lieu of reinstatement, Ms. Nabors seeks front pay and all lost future earnings projected two years.

3. Compensatory damages for future pecuniary losses, emotional and physical pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

4. Statutory attorney fees and court costs, as well as other relief as the court deems appropriated.

Respectfully submitted,

RIGGS, ABNEY, NEAL, TURPEN,
ORBISON & LEWIS

s/ Melvin C. Hall
Melvin C. Hall, OBA No. 3728
719 N. Shartel Ave.
Oklahoma City, OK 73102
Telephone: (405) 843-9909
Facsimile: (405) 842-2913
Email: mhall@riggsabney.com

**ATTORNEY'S LIEN CLAIMED**
**JURY TRIAL DEMANDED**