**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **TANEIA NABORS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-762-R** |
| | ) | |
| **OKLAHOMA DEPARTMENT OF** | ) | |
| **MENTAL HEALTH AND** | ) | |
| **SUBSTANCE ABUSE SERVICES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

After Plaintiff Taneia Nabors was terminated from her job with the Oklahoma Department of Mental Health and Substance Abuse Services, she brought this action alleging race-based discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Now before the Court is Defendant's Motion to Dismiss [Doc. No. 7] for failure to state a claim. Plaintiff responded in opposition [Doc. No. 9] and Defendant replied [Doc. No. 13]. For the reasons explained below, the Motion is granted.

### *Background*

The Complaint [Doc. No. 1] alleges that Plaintiff, a black female, worked for Defendant as a Mental Health Technician. *Id.* at ¶¶ 4, 8. From the start of her employment, Plaintiff's supervisor, a white female, was rude, belittling, and spiteful. *Id.* at ¶¶ 10-17. Plaintiff eventually applied for and received interviews for other positions at Defendant's organization. *Id.* ¶¶ 18-20. Following one of the interviews, Plaintiff was offered and

accepted a new position, but her transfer to the new position was delayed because the supervisor would not "release" her from her current position. *Id.* ¶¶ 21-25. Plaintiff filed a formal complaint with Defendant's executive director and human resources manager, both white females, stating that she was subjected to "unfair and unjustly discriminatory treatment" by the supervisor and was "being treated differently" from colleagues. *Id.* ¶ 26. The executive director and manager acknowledged receipt of the complaint but no further action was taken. *Id.* ¶ 28. Following the complaint, the supervisor's "harassing and belittling treatment of Plaintiff significantly increased." *Id.* ¶ 29.

A little over a month later, Plaintiff filed another formal complaint where "she expressly referenced work-place discrimination and harassment." *Id.* ¶¶ 30. Approximately two months passed before Defendant's chief clinical officer, a white male, responded to the complaint and agreed that Plaintiff should have been moved to her new position sooner. *Id.* ¶ 31. Seven days after the response, Plaintiff received an email from her supervisor indicating that she was "being released" from her trial period as a Mental Health Technician. Plaintiff characterizes this as a termination and alleges that she was replaced by a white male. *Id.* ¶ 37

Based on these allegations, Plaintiff asserts that Defendant engaged in discriminatory and retaliatory employment practices. Defendant moves for dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

### *Standard*

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must be sufficient to

"give the defendant fair notice of what the...claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although this standard "does not require detailed factual allegations," it does require a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although a plaintiff is not required to prove her case at the pleading stage, she must allege "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Otherwise, she has not "nudged" her claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. In evaluating the sufficiency of a complaint under this standard, all well-pleaded factual allegations are accepted as true and viewed in the light most favorable to the plaintiff. *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007).

### *Discussion*

Title VII forbids employment discrimination on the basis of race. 42 U.S.C. § 2000e-2(a)(1). To succeed on a claim of unlawful discrimination under Title VII, "a plaintiff must prove that intent to discriminate based upon the plaintiff's protected class characteristics was the determining factor for the allegedly illegal employment decision." *Ford v. Jackson Nat'l Life Ins. Co.*, 45 F.4th 1202, 1213 (10th Cir. 2022) (quotation marks omitted). Such proof can come via "direct evidence of discrimination or by following the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir.

2012).[1] Under this framework, the plaintiff must "first prove a prima facie case of discrimination." *Id.* For a claim of race discrimination, "a prima facie case requires evidence that: (1) the victim belongs to a protected class; (2) the victim suffered an adverse employment action; and (3) the challenged action took place under circumstances giving rise to an inference of discrimination." *Ford*, 45 F.4th at 1215 (quotation marks omitted). "The critical prima facie inquiry in all cases is whether the plaintiff has demonstrated that the adverse employment action occurred under circumstances which give rise to an inference of unlawful discrimination." *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1227 (10th Cir. 2000).

Setting aside any conclusory statements, the Complaint alleges that Plaintiff's supervisor was rude, belittling, and spiteful and delayed Plaintiff's transfer to a different position. Absent from the Complaint, however, are any facts which give rise to the inference that the supervisor's bad behavior or Plaintiff's termination were motivated by a racial animus. There are no allegations linking the adverse employment action to Plaintiff's race, such as allegations showing that similarly situated employees outside of her protected class were treated differently.

A complaint that "pleads facts that are 'merely consistent with' a defendant's liability" or shows only "a sheer possibility that a defendant has acted unlawfully" does not state a plausible claim to relief. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at

---

[1] "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).

556-57). Because Plaintiff's Complaint does not include facts sufficient to plausibly infer racial discrimination, she has failed to state a plausible claim.

Plaintiff's retaliation claim is also deficient. Title VII "makes it unlawful for an employer to retaliate against an employee 'because [s]he has opposed any practice made an unlawful employment practice by this subchapter.'" *Khalik*, 671 F.3d at 1192–93 (10th Cir. 2012) (quoting 42 U.S.C. § 2000e–3(a)). To establish a prima facie case of retaliation, "a plaintiff must show (1) that she engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *Id*. at 1193 (internal quotation marks and brackets omitted).

Regarding the first element, "[p]rotected opposition can range from filing formal charges to voicing informal complaints to superiors." *Hertz v. Luzenac Am., Inc*., 370 F.3d 1014, 1015 (10th Cir. 2004). This provision "broadly protects an employee who reasonably believes he is opposing a practice made an unlawful practice by Title VII, whether or not an actual violation has occurred." *Hansen v. SkyWest Airlines*, 844 F.3d 914, 926 (10th Cir. 2016). "But a vague reference to discrimination and harassment without any indication that this misconduct was motivated by race (or another category protected by Title VII) does not constitute protected activity and will not support a retaliation claim." *Anderson v. Acad. Sch. Dist. 20*, 122 F. App'x 912, 916 (10th Cir. 2004); *see also Hinds v. Sprint/United Mgmt. Co*., 523 F.3d 1187, 1203 (10th Cir. 2008) ("Although no magic words are required, to qualify as protected opposition the employee must convey to the employer his or her concern that the employer has engaged in a practice made unlawful by the ADEA. General

complaints about company management and one's own negative performance evaluation will not suffice.").

Plaintiff alleges that she submitted two separate complaints to Defendant stating that she was subjected to "discriminatory treatment" and "work-place discrimination" by her supervisor. But she has not included any allegations of mistreatment based on race. Plaintiff's "vague references to complaining about 'discrimination' satisfy neither the first element (that she engaged in protected activity) nor the third element (causal nexus between the protected activity and the adverse action) of a prima facie case of retaliation." *Bennett v. Windstream Commc'ns, Inc.,* 30 F. Supp. 3d 1243, 1259 (N.D. Okla. 2014), aff'd, 792 F.3d 1261 (10th Cir. 2015). *See also Williams v. Universal Enters*., LLC, No. CIV-07-0801-HE, 2008 WL 2390818, at *4 (W.D. Okla. June 9, 2008) ("The absence of any statement to his supervisors indicating that he believed the incident was racially discriminatory precludes Williams' retaliation claim."). Plaintiff has therefore failed to state a plausible claim for retaliation.

For the reasons explained above, Defendant's Motion to Dismiss [Doc. No. 7] is GRANTED. The Court will withhold entry of judgment for 21 days to permit Plaintiff an opportunity to seek leave to amend. In the absence of a request for leave to amend, judgment will be entered and this action will be dismissed without prejudice.

IT IS SO ORDERED this 22nd day of June, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

6